**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02439-MSK-KMT

C.S. and JENNIFER McCORD,

Plaintiffs,

v.

PENTON MEDIA EMPLOYEE BENEFITS PLAN, an employee benefits plan, and CIGNA BEHAVIORAL HEALTH, INC., claim fiduciary for the Penton Media Employee Benefits Plan,

Defendants.

## ANSWER

Defendants Penton Media Employee Benefits Plan ("the Plan") and CIGNA Behavioral Health, Inc. ("CBH") respond as follows to the complaint of plaintiffs C.S. and Jennifer McCord ("McCord").

1. In response to paragraph 1 of the complaint, the Plan and CBH, on information and belief, admit that C.S. was a minor during the time period relevant to this dispute, admit, on information and belief, that McCord is C.S.'s adoptive mother, and lack sufficient information to admit or to deny the other allegations of this paragraph of the complaint.

2. The Plan and CBH admit the allegations of paragraph 2 of the complaint.

3. The Plan and CBH admit the allegations of paragraph 3 of the complaint.

4. The Plan and CBH admit the allegations of paragraph 4 of the complaint.

5. The Plan and CBH admit the allegations of paragraph 5 of the complaint.

6. In response to paragraph 6 of the complaint, the Plan and CBH admit that CBH has an office located at the stated address, and deny all other allegations of this paragraph of the complaint.

7. The Plan and CBH admit the allegations of paragraph 7 of the complaint.

8. In response to paragraph 8 of the complaint, the Plan and CBH admit that the Employee Retirement Income Security Act ("ERISA") governs this case, admit that C.S. and McCord have asserted claims under ERISA, deny that C.S. and McCord are entitled to any recovery under ERISA, and deny all other allegations of this paragraph of the complaint.

9. The Plan and CBH admit the allegations of paragraph 9 of the complaint.

10. In response to paragraph 10 of the complaint, the Plan and CBH admit that venue is proper before this Court, and deny the other allegations of this paragraph of the complaint

11. In response to paragraph 11 of the complaint, the Plan and CBH incorporate by reference their preceding responses to the allegations of the complaint.

12. In response to paragraph 12 of the complaint, the Plan and CBH admit that McCord was a participant in the Plan as a result of her employment with Penton Media, Inc., admit that C.S. was a covered dependent of McCord under the Plan effective January 1, 2008, deny that C.S. and McCord are entitled to recover any of the claims at issue, and deny all other allegations of this paragraph of the complaint.

13. In response to paragraph 13 of the complaint, the Plan and CBH admit that C.S. was a covered dependent of McCord under the Plan effective January 1, 2008,

deny that the claims at issue were covered under the Plan, and deny all other allegations of this paragraph of the complaint.

14. In response to paragraph 14 of the complaint, the Plan and CBH, on information and belief, admit that C.S. was admitted to Island View Residential Treatment Center ("Island View") on or about October 11, 2007, deny that CBH was the claim administrator at the time of C.S.'s admission to Island View, deny that the initial admission of C.S. to Island View is relevant to whether CBH's claim determination was reasonable, state that the administrative record documents C.S.'s condition and speaks for itself, and deny the allegations to the extent that C.S. and McCord seek to imply an entitlement to recover benefits under the Plan.

15. In response to paragraph 15 of the complaint, the Plan and CBH admit that CBH approved payment for C.S.'s treatment at Island View from January 1, 2008 to January 6, 2008 and deny all other allegations of this paragraph of the complaint.

16. In response to paragraph 16 of the complaint, the Plan and CBH admit that CBH informed C.S. and McCord of its determination to deny benefits for C.S.'s admission to Island View by a letter dated January 8, 2008, states that the January 8, 2008 claim determination letter is part of the administrative record and speaks for itself, admit the allegations to the extent that C.S. and McCord have accurately quoted text from the January 8, 2008 claim determination letter, and state that CBH reasonably based its claim determination on the terms of the Plan, CBH's Guidelines, and substantial evidence in the administrative record.

17. In response to paragraph 17 of the complaint, the Plan and CBH admit that Island View submitted an appeal and deny all other allegations of this paragraph of the complaint.

18. In response to paragraph 18 of the complaint, the Plan and CBH admit that CBH informed C.S. and McCord of its appeal determination by a letter dated May 2, 2008, state that the May 2, 2008 appeal determination letter is part of the administrative record and speaks for itself, and state that CBH reasonably based its appeal determination on the terms of the Plan, CBH's Guidelines, and substantial evidence in the administrative record.

19. In response to paragraph 19 of the complaint, the Plan and CBH admit that Island View submitted a second appeal dated November 13, 2008, state that the November 13, 2008 appeal submission is part of the administrative record and speaks for itself, deny that Island View's appeal submission supported the reversal of CBH's claim determination, and deny all other allegations of this paragraph of the complaint.

20. In response to paragraph 20 of the complaint, the Plan and CBH admit that CBH informed C.S. and McCord of its appeal determination by a letter dated January 2, 2009, state that the January 2, 2009 appeal determination letter is part of the administrative record and speaks for itself, and state that CBH reasonably based its appeal determination on terms of the Plan, CBH's Guidelines, and substantial evidence in the administrative record.

21. In response to paragraph 21 of the complaint, the Plan and CBH state that ERISA speaks for itself and deny that C.S. and McCord are entitled to any relief under ERISA.

22. In response to paragraph 22 of the complaint, the Plan and CBH admit that C.S. and McCord have made certain contentions, deny that the contentions have any merit, deny that C.S. and McCord are entitled to any relief in this case, and deny all other allegations of this paragraph of the complaint.

23. In response to paragraph 23 of the complaint, the Plan and CBH admit that C.S. and McCord have made certain contentions, deny that the contentions have any merit, deny that C.S. and McCord are entitled to any relief in this case, and deny all other allegations of this paragraph of the complaint.

24. In response to paragraph 24 of the complaint, the Plan and CBH admit that C.S. and McCord have made certain contentions, deny that the contentions have any merit, deny that C.S. and McCord are entitled to any relief in this case, and deny all other allegations of this paragraph of the complaint.

25. The Plan and CBH admit the allegations of paragraph 25 of the complaint.

26. The Plan and CBH deny the allegations of paragraph 26 of the complaint.

27. The Plan and CBH deny that C.S. and McCord are entitled to recover any of the alleged damages summarized in the Prayer for Relief paragraph of the complaint.

28. The Plan and CBH deny any allegation of the complaint to which they have not previously provided an admission, a denial, or a qualified response.

### FIRST AFFIRMATIVE DEFENSE

C.S.'s and McCord's complaint fails to state a claim upon which relief can be granted against the Plan and CBH based on ERISA, the administrative record, and the terms of the Plan.

#### SECOND AFFIRMATIVE DEFENSE

CBH acted reasonably with respect to the consideration of C.S.'s and McCord's claim under the Plan.

#### THIRD AFFIRMATIVE DEFENSE

Substantial evidence, including the terms of the Plan, supported CBH's claim determination.

#### FOURTH AFFIRMATIVE DEFENSE

CBH properly exercised its discretion in considering C.S.'s and McCord's claim.

#### FIFTH AFFIRMATIVE DEFENSE

The Court's review of C.S.'s and McCord's claim should be limited to the evidence and the arguments presented to CBH during the administrative claim process.

#### SIXTH AFFIRMATIVE DEFENSE

CBH discharged its duties with respect to the Plan in the best interests of the participants in and the beneficiaries of the Plan, and, in doing so, CBH acted in accordance with the documents and the instruments governing the Plan.

#### SEVENTH AFFIRMATIVE DEFENSE

C.S.'s and McCord's claims against CBH and the Plan are barred by failure or failures of conditions precedent under the terms of the Plan.

#### EIGHTH AFFIRMATIVE DEFENSE

Although the Plan and CBH deny any liability to C.S. and McCord, ERISA provides only for an award of benefits due under any employee benefits plan and for no other type of damages.

**NINTH AFFIRMATIVE DEFENSE**

Although the Plan and CBH deny any liability to C.S. and McCord, any benefits awarded under the Plan are subject to integration, offsets, and deductions as set forth under the terms of the Plan.

THEREFORE, defendants Penton Media Employee Benefits Plan and CIGNA Behavioral Health, Inc. request that the Court dismiss the complaint and award to the Plan and CBH their attorneys' fees pursuant to 29 U.S.C. §1132(g), costs, and such other relief as the Court deems to be proper.

DATED this 22nd day of November, 2010.

Respectfully submitted,

*s/Jack M. Englert, Jr.*
Jack M. Englert, Jr.
HOLLAND & HART LLP
6380 South Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
jenglert@hollandhart.com
303-290-1087

**ATTORNEYS FOR DEFENDANTS PENTON MEDIA EMPLOYEE BENEFITS PLAN AND CIGNA BEHAVIORAL HEALTH, INC.**

-8-

## CERTIFICATE OF SERVICE

      I hereby certify that on November 22, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

      R. Craig, Ewing, Esq.
      rcraigewing@aol.com

s/ Jack M. Englert, Jr.
Jack M. Englert, Jr.
HOLLAND & HART LLP
6380 S. Fiddler's Green Circle, Suite 500
Greenwood Village, Colorado  80111
(303) 290-1087

4956876_1.DOC